**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-1085**

---

REGINA A. BALL, Administratrix of the Estate
of Michael Ball; MICHAEL BALL,

                                    Plaintiffs - Appellants,

        versus

WILLIAM A. HALTER, Acting Commissioner of
Social Security,

                                    Defendant - Appellee.

---

Appeal from the United States District Court for the Southern Dis-
trict of West Virginia, at Bluefield. Mary S. Feinberg, Magistrate
Judge. (CA-99-1048-1)

---

Submitted: July 31, 2001          Decided: August 9, 2001

---

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jerome J. McFadden, BAYLESS & MCFADDEN, L.L.P., Princeton, West
Virginia, for Appellant. James A. Winn, Regional Chief Counsel,
Region III, Lori R. Karimoto, Assistant Regional Counsel, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania; Rebecca A. Betts, United States Attorney, Kelly R.
Curry, Assistant United States Attorney, Charleston, West Virginia,
for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Regina A. Ball, Administratrix of the Estate of Michael Ball,[1] appeals the magistrate judge's order denying Ball's motion for judgment on the pleadings, granting the Commissioner's motion for judgment on the pleadings, and upholding the Commissioner's denial of disability insurance benefits.[2] We have reviewed the briefs and the administrative record in light of the claims raised on appeal, and find well-reasoned the magistrate judge's opinion that substantial evidence supports the Commissioner's decision denying benefits.

Accordingly, we affirm on the reasoning of the magistrate judge. (J.A. at 19-31). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

---

[1] Michael Ball died during the pendency of his case.

[2] The parties consented to jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) (1994).

2